HON. CHARLES W. WHIPPLE, C. J.
HON. WARNER WING,
HON. GEORGE MILES,
HON. SANFORD M. GREEN,  } JUSTICES.
HON. EDWARD MUNDY,

————ooooo————

#### HARRINGTON *v.* WORDEN.

VARIANCE.—In an action on a warranty of a span of horses, the declaration stated the consideration to be a yoke of oxen of the value of $80, and a note for $20, and on the trial it appeared the note was for $10 only. The variance was held to be fatal.

Had the averment been, the sale was for a valuable consideration, to wit: for one yoke of oxen and a note for $20, it would not have been necessary to prove with precision the items of the specification.

ERROR to Oakland Circuit Court.

Worden sued Harrington in the circuit court on a warranty of a span of mares. The declaration stated, that in consideration Worden would, at the special instance and request of Harrington, buy of him a certain span of mares, Harrington undertook and promised that the mares were sound, except in one fore foot, &c., and that Worden, confiding in the promise, bought the mares, and gave in exchange therefor one yoke of cattle of the value of $80, and a note for $20, &c. Defendant plead the general issue. On the trial the plaintiff proved a breach of the warranty, and that he gave for the mares a yoke of oxen and a note for *ten dollars only*. Defendant asked the court to charge

the jury, that as the plaintiff had failed to prove the value of the oxen as alleged in the declaration, he could not recover. The court stated to the jury it was not necessary to prove the value of the oxen. Defendant then requested the court to charge the jury, that, inasmuch as the plaintiff had not proved the consideration as stated in the declaration, they must find a verdict for defendant, which the court refused to do, and the defendant excepted. A verdict was returned for the plaintiff, and judgment having been rendered thereon against defendant, he brought a writ of error.

*C. Draper*, for the plaintiff in error.

*Manning*, for the defendant in error.

*By the court*, WING, J. The note proved to have been delivered to defendant was a ten dollar note. It is urged, the averment of the oxen and the note being given in exchange, is an immaterial averment. The test of the truth of this position, is, whether the action can be sustained without it. If we strike this out, there remains no consideration stated on the record for defendant's undertaking, and the declaration would be bad, as no binding contract would be stated. It is said, the consideration stated that the plaintiff, at the special instance and request of the defendant, would buy the mares, is a sufficient consideration for the promise of the defendant; but suppose the plaintiff had failed to buy the mares as he had agreed to do, and the defendant had brought an action to enforce it, what would be the measure of damages? Nothing was agreed to be given for the mares; all that the defendant in that case would have agreed to do, was simply to buy; surely, it would be a void contract, and the court could not enforce it.

But assuming, as the parties seem to have assumed, that the consideration for the undertaking of the defendant was the oxen and a twenty dollar note, we must hold that the averment is material for the reason we have given; and the plaintiff is bound to prove it as stated. Issue is taken upon it by the plea. Great accuracy is required in the statement of the consideration, which in an action of assumpsit forms the basis of the contract, and if any error is made in the description of it, the consequence is, the whole contract is misdescribed. Chitty's Pl. 326. If it is true, as argued by defendant's counsel, that it is quite immate-

Harrington *v.* Worden.

rial what the value of the oxen was, as the defendant was to receive them; and as the consideration in this case would not furnish the rule of damages, still the description of the note would be material. The note forms a part of the entire consideration. The ten dollar note proved is not the twenty dollar note stated in the declaration. The question is not as to its value; it is stated to have been a note of twenty dollars, *i. e.* a note for the payment of twenty dollars. Then if, as shown by the proof, it was in fact a note of ten dollars, it is no more the thing described than a boot would have been: consequently, the consideration of the promise was misdescribed. It is well settled that descriptive averments must be proved with a degree of strictness extending (as Mr. Greenleaf says) in some cases even to a literal precision. No allegation descriptive of that which is legally essential to the claim or charge can ever be rejected. 1 Starkie's Ev. 373. See authorities cited in 1 Greenleaf's Ev., sec. 56, p. 68.

The description given of the note in the declaration is matter of substance: for it goes to the identity of the note. The consideration might have been sufficiently well set forth by a less particular description of it. In that case it would not have been necessary to prove the precise amount of the note; but the particular statement of the amount has become material in this case by being inseparably connected with the essential allegations. Had the averment been, that the sale was for a valuable consideration, to wit: for one yoke of oxen and a note for twenty dollars, it would not have been necessary to prove with precision the items of the specification. But where, as in this case, the action is for a breach of warranty upon the sale of personal chattels, and the plaintiff has set forth the price paid for the goods without a *videlicit*, he is bound to prove it as alleged, it being rendered material by the form of allegation. Durston *v.* Tuthan, cited in 3 T. R. 67; Symmons *v.* Knox, 3 T. R. 65; Arnfield *v.* Bate, 3 Maule & Sel. 173; Stephen's Pl. 419, 420; 1 Chitty's Pl. 348, 6th edit.

The cases in which averments were considered immaterial, cited from Cowen & Hill's Notes 514, do not apply to this case.

We are, therefore, of opinion that the judgment of the circuit court must be reversed, and that the case must be remanded for a new trial.

*Judgment reversed, &c.*