THEODORE W. DENISON, Appellant, *against* ROBERT T. FORD, Respondent.

(Decided January 7th, 1878.)

Where the defendant was the proprietor of a building used and let as a market, and leased to the plaintiff "stand No. 46" in such market, and afterwards discontinued the use of the building as a market, induced the other tenants to surrender their stands, extinguished the lights of the market, except those at the plaintiff's stand, and closed the doors of the market, except the one in front of the plaintiff's stand,—*Held*, that he was guilty of an eviction of the plaintiff from the premises leased him.

*It seems*, that in such a case the measure of damages for the eviction would be the difference between the rent reserved in the lease and the value of the premises after the eviction, together with the rent paid in advance.

APPEAL by the plaintiff from a judgment of the justice of the 8th District Court, in favor of defendant, dismissing the complaint upon the merits.

The facts are stated in the opinion.

JOSEPH F. DALY, J.—Defendant was proprietor of the building on Broadway occupying the front between 44th and 45th streets used and let as a market. Defendant, on April 19, 1871, leased to plaintiff stand No. 46, for the sale of butter, eggs, etc., for six months from May 1st, 1871, and received $78, three months' rent, in advance. In the latter part of May, defendant resolved to discontinue the public market, as the failure to rent certain stands rendered it unprofitable. He was able to make arrangements with all his tenants (except plaintiff) by which they surrendered their stands about June 1st. Plaintiff insisting upon remaining

and continuing business, the lights of the market, except those at plaintiff's stall, were extinguished, and the doors of the market, except one door on Broadway in front of plaintiff's stand, were closed. Plaintiff soon found his business diminish, and closed up and removed. This action is brought to recover damages for the interference by defendant with his business, and for eviction. The justice dismissed the complaint, holding that defendant acted in good faith. Whether this latter conclusion were correct or not, defendant may still be liable for the consequence of his agent's acts in the premises. In letting a stand in the market, defendant entered into an implied contract to keep a market during defendant's term, if he could. He would not be answerable if he could not let the stands, but would be if he induced persons holding stands to vacate them so as to depopulate the market. The written agreement for hiring, given to plaintiff by defendant's agent, described the premises let as "stand No. 46, in Broadway market." To close all the stands is to take away the market; and depriving the premises of the characteristics and advantages of a market, including the congregation of dealers and attraction of purchasers, is depriving the lessee of a stand of the very thing he leased, or of the *beneficial* enjoyment of it. Hence there was an eviction when the other stands were closed and no lights nor ingress and egress furnished, except that immediately connected with plaintiff's stand. Physical interference with plaintiff's premises was not necessary to establish a case of eviction. (*Cohen* v. *Dupont*, 1 Sandf. 260; *Dyett* v. *Pendleton*, 8 Cowen, 727; *Edgerton* v. *Page*, 1 Hilt. 320.) Had the landlord, after the letting to plaintiff, induced the other holders of stands to remove, and then turned the premises into a factory or brewery, leaving plaintiff unmolested so far as his physical possession of, and access to, his stand were concerned, but under the necessity of carrying on a market by himself, amid incongruous surroundings, it would hardly be urged that he suffered no loss of the beneficial enjoyment of his stand. The landlord might as well seek profit by such a diversion of the premises from

their use as a market as seek it by closing it up altogether. There is considerable irony in the claim that the plaintiff in his solitary spot in the vast building, his stand lighted by just sufficient lights and accessible by just sufficient places of ingress to accommodate him alone, was enjoying all he had paid for, and all defendant had contracted to give. One stand does not make a market, at least in the sense in which these parties undoubtedly used the word in their agreement.

Plaintiff, if he substantiates his case, is entitled at least to judgment for the rent he had paid in advance, deducting the period he was actually in the beneficial enjoyment of the premises. (*McCleary* v. *Edwards,* 27 Barb. 239 ; *Noyes* v. *Anderson,* 1 Duer, 342.) As defendant, however, willfully deprived plaintiff of the beneficial enjoyment of the premises, the damages should be the difference between the rent payable and the value of the premises after the eviction, together with the rent paid in advance, as above suggested. (*Chatterton* v. *Fox,* 5 Duer, 64.)

The judgment should be reversed.

CHARLES P. DALY, Ch. J., and VAN HOESEN, J., concurred.

Judgment reversed.