### John R. Long v. Robert P. Sinclair.

#### Breach of Warranty—Constructive Eviction.

A declaration in covenant for breach of warranty alleged that by due process of law the plaintiff had been ejected by a person lawfully entitled to the premises. *Held* unsupported by evidence that he had recovered a verdict in ejectment fixing the value of the premises and improvements, and had elected to abandon the premises and taken judgment for their value.

Case made from the Superior Court of Grand Rapids. Submitted October 31, 1877.     Decided January 9, 1878.

Covenant for breach of warranty.   The facts are stated.

*D. E. Corbitt* (on brief) for plaintiff.    A judgment for value in ejectment amounts to an eviction, *White v. Whitney,* 3 Met., 81; *Eastabrook v. Smith,* 6 Gray, 572; *Donnell v. Thompson,* 10 Me., 170; *Stewart v. Drake,* 4 Halst., 139; *Paul v. Whitman,* 3 W. & S., 407; *Turner v. Goodrich,* 26 Vt., 709; *King v. Kerr,* 5 Ohio, 154; *Martin v. Atkinson,* 7 Ga., 228.

*Thomas B. Church* (on brief) for defendant.

Marston, J.  The plaintiff Long brought an action of covenant for breach of warranty.   In his declaration, in setting up the breach, he averred that one John McFee, who had a lawful right and title to the premises, "by due process of law, entered into the same, and upon the possession of said lands and premises, and ejected, expelled and removed the said plaintiff against his will from the possession, etc.,     *     *     *     and that the legal title or right of the said John McFee, by which he attained his judgment of ejectment against the said plaintiff, was not" etc.   The proof showed an action of ejectment to have been commenced by McFee against Long to recover these and other premises, a verdict of the jury in favor of the plaintiff in that action in which

they found the value of certain improvements and also of the premises had there been no improvements, an election by the plaintiff to abandon the premises to the defendant at the value as estimated by the jury, and thereupon a judgment rendered in favor of the plaintiff and against the defendant in that case for the sum of eight hundred dollars, by the jury so estimated, with costs. The defendant on the trial below in this case claimed that the evidence did not support the allegation in the declaration; that the declaration averred a judgment in an action of ejectment and an eviction thereunder, whereas the judgment offered in evidence was one for the payment of money only, and upon which a writ of possession could not issue. The court below held that the plaintiff must under his declaration prove a judgment in ejectment according to Comp. L., § 6234, and gave plaintiff leave to amend his declaration, which was not accepted. We think the court was correct in holding that there was a variance between the allegation in the declaration and the proofs offered. In my opinion the declaration, taken altogether, avers the usual and ordinary judgment in ejectment in favor of the plaintiff, a writ issued thereon, and an actual eviction by virtue thereof,—whereas the proof showed a special money judgment, and a constructive eviction. We must not be understood as holding that under the proofs in this case the plaintiff was not entitled to recover, had his declaration been framed differently, or that a constructive eviction is not sufficient. These questions do not properly arise as the case now stands, and we do not, therefore, express any opinion thereon. The plaintiff having in his declaration deemed it proper and necessary to allege a judgment and ouster thereunder, must establish the same by proper proof. *Kennedy v. Newman,* 1 Sandf., 187; *McCormick v. Bay City,* 23 Mich., 457; *Underwood v. Waldron,* 12 Mich., 73; *Harrington v. Worden,* 1 Mich., 487.

The judgment must be affirmed with costs.

The other Justices concurred.