## FELIX CORNELISSENS v. JAMES DRISCOLL.

*Landlord and tenant—Ouster—Action for damages—Estoppel.*

A lessor who conveys the leased premises, which are held under
an unrecorded lease, and are not at the time in the actual
occupation of the tenant, by warranty deed to an innocent
purchaser, and thereupon notifies the tenant that his lease is
at an end on account of such sale, and that he must not again
enter upon the premises, in which latter warning the grantee
joins, and after the tenant has made such re-entry warns him
to leave, and not to return, under a threat of prosecution, is
estopped in a suit by the tenant to recover damages for such
ouster from relying upon the absence of a technical ouster by
paramount title.

Error to Kent. (Adsit, J.) Submitted on briefs
November 6, 1891. Decided December 21, 1891.

*Assumpsit.* Defendant brings error. Judgment modi-
fied and affirmed. The facts are stated in the opinion.

*James E. McBride*, for appellant, contended:

1. The object of a covenant for quiet enjoyment is to afford to the
   lessee an assurance against the consequences of a defective
   title, and, consequently, it necessarily imports that he shall
   enter and enjoy the premises without the permission of any
   one; therefore, if any other person is in possession of the
   premises, either under a person having a better title thereto
   than the lessor, or under a deed or lease from the lessor, and
   the lease takes effect *in præsenti*, there is an immediate breach
   of covenant, and action lies therefor at once; citing Wood,
   Land. & Ten. (2d ed.) § 354; *Garfield v. Williams*, 2 Vt. 327;
   *Howell v. Richards*, 11 East, 633; *Coe v. Clay*, 5 Bing. 440;
   *Holder v. Taylor*, Hob. 12; *Hacket v. Glover*, 10 Mod. 142;
   *Cloake v. Hooper*, Freem. 122; *Levett v. Withrington*, Lutw. 97.

2. To sustain an action for a breach of this covenant, it is necessary
   for the plaintiff to prove that he was evicted by a person who
   had a lawful and paramount title, existing before or at the
   time the covenant was made; citing Wood, Land. & Ten. (2d

ed.) § 354; *Knapp v. Marlboro*, 34 Vt. 235; *Underwood v. Birchard*, 47 Id. 305; *Ellis v. Welch*, 6 Mass. 246; *Frost v. Earnest*, 4 Whart. 86; *Hodgskin v. Queenborough*, Willes,. 129; *Gardner v. Keteltas*, 3 Hill, 330; *Hoppes v. Cheek*, 21 Ark. 585.

3. The consent of the lessee is not necessary to the valid sale and conveyance of the leased premises in fee by the lessor, because the doctrine of attornment is not recognized in this State; and the court erred in holding that it was necessary, and that the want of it was the basis for a recovery.

4. It is clear that the conveyance had no such operation in law as that found by the court below, because general covenants for quiet enjoyment are not broken by a tortious eviction, but by an eviction by title only; citing *Hayes v. Bickerstaff*, Vaughan, 118; *Hunt v. Allen*, Winch, 25; *Tisdale v. Essex*, Hob. 35; and in an action for a breach of such a covenant the declaration must set up an eviction by title paramount; citing Wood, Land. & Ten. (2d ed.) § 361, p. 774, note 1, and cases cited.

*M. L. Dunham* (*J. H. Rozema*, of counsel), for plaintiff, contended for the doctrine of the opinion.

CHAMPLIN, C. J.    This action is brought by the plaintiff to recover from the defendant damages for being ousted from certain leasehold premises which he held from the defendant, by the act of the defendant and his vendee.

Objections are taken to the declaration, which contains the common counts, and also a special count upon the lease, which is in the following words:

"GRAND RAPIDS, October 7, 1889.

"This contract between James Driscoll, of the first part, and Felix Cornelissens, of the second, the party of the first part agrees to lease to the party of the second part, heirs or assigns, all of his farm lying north of the north line of Carrier street, for the term of five years from date; and the party of the second part agrees to pay to the party of the first part, to his heirs or assigns, five hundred dollars, the payment to be made as follows: On the 7th day of April, the party of the second part is to pay to the first party, or heirs or assigns, the sum of eight dollars; and is to pay eight dollars on the 7th day of every following month, until the 7th day of

October; then he is to pay the balance of one hundred dollars for the first year; then he is to pay $8 33/100 the 7th day of every following month, until the five hundred dollars is paid.

"JAMES DRISCOLL.
"FELIX CORNELISSENS."

The special count of the declaration alleges that the plaintiff on the 7th day of October, 1889, entered into and upon all and singular the demised premises, being, to wit, 13 acres in all, with the appurtenances, and was to be possessed thereof from thence, and for the term of five years immediately following the 7th day of October; that the plaintiff has in all respects faithfully kept, fulfilled, and carried out his part of the said lease, contract, and agreement, according to the true intent and meaning thereof; that on or about the 1st day of April, 1890, the defendant sold and disposed of all said premises, described in said lease above mentioned, to parties unknown to the plaintiff, and that afterwards, and on the 23d day of April, the defendant notified the plaintiff that the premises were sold, and that he, the plaintiff, must not occupy and possess the same thereafter; and that on the 7th day of April, 1890, the plaintiff offered and tendered to the said defendant the rent due to the said defendant by the terms of the lease, which the defendant refused to accept, saying that he, the said defendant, and he, the plaintiff, had no longer any interest in said premises, and no right to the use thereof, and he, the said defendant, then and there said to the plaintiff that he must no longer occupy and use said premises.

It further avers that, immediately after the execution of the lease, plaintiff entered upon the premises, and plowed, and caused to be plowed, harrowed, and prepared for crops in the fall of 1889, about 10 acres of the said ground, at a large expense, to wit, the sum of $100; that he leased the premises for gardening purposes, all of which

the defendant well knew at the time of making the lease; that the defendant, contrary to his said agreement, and intending to injure and oppress the plaintiff, on, to wit, the 1st day of April, 1890, did dispossess the plaintiff of all the said above-described premises, and did exclude him therefrom, by saying to plaintiff that he no longer must occupy said premises, and by selling and conveying the title to all of said lands to other parties and to persons unknown to plaintiff, and who, by virtue of the said conveyance of title of said premises from the defendant, did, on the 23d day of April, 1890, refuse possession of the said premises to plaintiff, and did order the said plaintiff off, and did refuse and prevent the said plaintiff from occupying, the same, to his damage $10,000.

There is another special count on the lease, which it is not necessary to mention.

The defendant pleaded the general issue, and set up as a matter of special defense that there was an oral agreement between the parties that, if the defendant could and did make a sale of the premises, the plaintiff would quit and yield up the same to the defendant or his grantees, and that for all work then done by the plaintiff upon the premises the defendant would pay him a reasonable sum; that when he did make sale of the premises he informed the plaintiff of such sale, and requested the plaintiff to make and fix the price to be paid under the promise to yield up said premises on the sale thereof, and the plaintiff then and there informed said defendant that he would at any time thereafter agree with the defendant as to such price, and then and there yielded up and delivered the premises to the said defendant for his grantees, who, immediately after the delivery to him by the plaintiff, delivered to his grantees possession of the premises, and said plaintiff afterwards, when the defendant's said grantees were in possession,

sought to repossess the same, and was prohibited from so doing by defendant's said grantees; that he is and always has been ready and willing to pay for the work done, but plaintiff refuses to settle therefor or fix any price.

The case was tried before the court without a jury, and the following findings of fact and law were made by the court:

"FELIX CORNELISSENS,
                    Plaintiff,
            v.
JAMES DRISCOLL,
                    Defendant.

" This cause having been tried before the court without a jury, and having heard the arguments of counsel, and after mature deliberation thereon, I find the following to be the facts in said cause:

"*First.* The action is upon the common and special counts in *assumpsit.*

"*Second.* That on October 7, 1889, defendant in writing leased plaintiff 13 acres of land for the period of five years from the date of lease, for the sum of $500.

"*Third.* That this land was unincumbered with buildings, excepting a small barn, which stood partly upon these premises, and upon premises of defendant's brother-in-law, and used by them for storing tools and for other purposes.

"*Fourth.* That in the fall of 1889, after the execution of said lease, plaintiff went upon said premises, and plowed eight acres of land, at an expense of one dollar and fifty cents per acre, and picked up stones thereon, which labor was of the value of two dollars, and did cultivating on these premises, in the spring of 1890, to the value of two dollars and fifty cents; that after said plowing was completed in the fall aforesaid plaintiff did not occupy any portion of said premises again until in the month of April following, and not until after the conveyance by defendant hereinafter mentioned.

"*Fifth.* That on April 5, 1890, defendant conveyed all of said premises to one O. W. Petitt by warranty deed, with the usual covenants, including that of quiet enjoyment; that immediately prior to such purchase said Petitt

went to and examined said property, and found no one occupying said lands, and in fact said premises were not in the actual occupancy and possession of any one at that time.

"*Sixth.* Immediately after such sale defendant said to plaintiff that he had sold the premises, and that plaintiff had no longer any rights under his lease, and must not go on said premises again; that he would pay plaintiff for what work he had done on said premises; immediately after which plaintiff went to said Petitt, and tried to lease said premises from him. Petitt would not lease said land, as he had purchased it to plat at once, and put it on the market for sale. Within a few days after this, plaintiff went upon said premises and began cultivating, and, while so cultivating, Petitt, said grantee, came onto the premises, and said to plaintiff he must leave, and if he returned the next day he would arrest him. This was April 23, 1890. At this time plaintiff left the premises, and never attempted to do any work thereon thereafter.

"*Seventh.* Petitt had no knowledge of the lease above mentioned until at least one week after he had received his deed and had the same recorded.

"*Eighth.* Petitt never in any manner recognized plaintiff as his tenant under said lease.

"*Ninth.* The lease was not recorded.

"*Tenth.* The value of said premises for the unexpired term of said lease from April 23, 1890, to plaintiff is $1,300, less the rent reserved by said lease of $500.

"*Eleventh.* Plaintiff was at no time in default under his lease.

"Conclusions of Law:

"*First.* Defendant's sale of said premises to Petitt was a complete ouster and eviction of plaintiff from said premises by defendant.

"*Second.* Plaintiff is entitled to recover of and from the said defendant in this action the value of said premises to him, which is the sum of $1,300, less the rent reserved of $500, or $800, together with the cost of plowing, amounting to $12.50; cultivating, of $2.50; and picking up stones, of $2.00,—amounting in all to $817, together with his taxable costs; and judgment is ordered accordingly.

"ALLEN C. ADSIT,
"Circuit Judge."

The case is brought to this Court by writ of error and bill of exceptions. The bill of exceptions does not bring up the testimony, but simply the objections made by the defendant to the reception of any testimony in the cause, for the reason that the plaintiff had not, in and by the said special counts of his declaration, stated a cause of action, and for that reason no evidence was admissible under the declaration, except under the common counts in *assumpsit* therein, and the ruling of the court thereon.

The first assignment of error is based on the ruling of the court holding and deciding that the special count in the declaration filed in the cause was sufficient in law, and stated a cause of action sufficient to admit and receive evidence thereunder. We think the declaration stated a cause of action, and the court rightly held that it was sufficient to permit the introduction of evidence thereunder. The principal ground urged by the defendant in this Court under that assignment of error is that the declaration does not allege sufficiently an ouster by title paramount of the tenant; but we are of opinion that it states sufficiently the facts to show that the defendant is estopped from asserting that the plaintiff was not actually ousted from the possession of the premises by a title paramount. The findings of fact under the declaration show that, at the time of the sale by the defendant, the lease between the parties was not of record, and the plaintiff was not in the actual possession of the demised premises. He had cultivated them in the fall, and had then left the actual occupation, intending to return, as may be presumed, when the land was suitable for tillage in the spring; but before that time arrived the defendant had conveyed by warranty deed the premises to an innocent purchaser, who was ignorant of the demise to the plaintiff, and the defendant himself notified the plaintiff that his lease was at an end on account of such sale, and

forbade him to enter again upon the premises. He was also forbidden to enter by the purchaser, and after he had gone upon the premises he was warned by the purchaser to leave, and not to return, under a threat of prosecution. We think these facts estopped the defendant effectually from now relying upon the technical ouster by title paramount from the premises.

The court erred in the allowance of $17 for plowing, cultivating, and picking stone. As the plaintiff was permitted to recover for the value of the premises to him for the whole five years, he should not be allowed for his labor in preparing the ground. Judgment will be entered here for $800, and interest from the date of the judgment below, and for costs of both courts.

The other Justices concurred.