<hr />

PROCHASKA *v.* FOX.

1. ASSUMPSIT—COMMON COUNTS—BREACH OF LEASE.

Plaintiff leased land of defendant for two weeks for a certain use, paying the rent.    After he had used it for a week, a preliminary injunction, at suit of a third person, issued against such use, and plaintiff discontinued it.    *Held*, that plaintiff could not maintain a suit on the common counts for the rent

paid, as, if defendant broke his covenant for quiet enjoyment, or if plaintiff was evicted by a superior title, the declaration should be special; the measure of recovery being the value of the use for the remaining week.

2. PLEADING—DECLARATION—AMENDMENT—TIME.
    Refusal of amendment of the declaration, asked for after plaintiff has rested and the court is about to direct a verdict, is not error.

Error to Wayne; Hosmer, J. Submitted June 17, 1904. (Docket No. 34.) Decided September 13, 1904.

Assumpsit by Vincent W. Prochaska against Harry J. Fox for money had and received. There was judgment for defendant on a verdict directed by the court, and plaintiff brings error. Affirmed.

B. & L. owned some vacant lots in the city of Detroit. They leased them to P. for a display of fireworks. P. appears to have subleased to defendant, who leased to plaintiff the bar privileges for a period of two weeks, July 14th to July 26th. Plaintiff put up tents, and kept a saloon therein, where he sold intoxicating liquors. B. & L., claiming that they had not leased the property for saloon purposes, filed a bill in chancery against P., the defendant, and the B. Stroh Brewing Company, praying for an injunction to restrain the defendant from selling intoxicating liquors upon the premises. A preliminary injunction was issued and served after plaintiff had carried on the business five days. That suit it appears never came to a hearing, and consequently the merits of the case were never determined. Upon the serving of the injunction, the business was discontinued. Plaintiff brought suit in justice's court on the common counts, claiming damages $500. Defendant demanded a bill of particulars. Whether such bill was ever served the record does not show. The plea was the general issue. Plaintiff was defeated in the justice's court, and appealed to the circuit court, where he was again defeated by direction of the court. He paid

defendant $550 by check of the B. Stroh Brewing Company for the saloon privilege for the two weeks.

*Alex J. Groesbeck* and *John C. Tobias*, for appellant.

*Dwight C. Rexford*, for appellee.

GRANT, J. (*after stating the facts*). 1. The theory of the plaintiff is that he was evicted from the premises before the expiration of his term; that the defendant was responsible for such eviction, and was guilty of breach of contract; and that plaintiff is entitled to recover on the common counts in assumpsit for money equitably due him. His counsel claim the right to recover the money paid for the lease. Clearly he could not recover the whole amount, for he had the use of the premises nearly half the time granted by the lease. If the defendant had broken his covenant or agreement for quiet enjoyment, or if plaintiff had been evicted by a paramount title, the declaration should have been special, and the measure of damages would have been the value of the use of the land less the rent. 5 Enc. Pl. & Prac. pp. 371–375; 2 Taylor, Landl. & Ten. § 661; *Cornelissens* v. *Driscoll*, 89 Mich. 34 (50 N. W. 749); *Long* v. *Sinclair*, 38 Mich. 90; *Coulter* v. *Norton*, 100 Mich. 389 (59 N. W. 163, 43 Am. St. Rep. 458).

2. After the plaintiff had rested, and the court was about to direct a verdict, plaintiff's counsel asked leave to amend the declaration. No amendment was tendered, and what the form of the amendment would be is not shown. Whether the proposed amendment would have been admissible we need not determine. The court did not err in refusing an amendment at that stage of the trial.

Judgment affirmed.

The other Justices concurred.