The date in 1881 is named for the payment of the first installment of the $453.02 in arrear, and has no connection with paragraph above quoted. I am unable to discover any postponement of the rents in question. The mortgage merely secures whatever balance may remain still due at the end of the term. The logical sequence of any other contention would enable the relator to remain in possession, without payment, until January 15, 1881, then to begin paying at the rate of twenty dollars per month. Such a variation of the written lease could not be made, except by clear and unambiguous words. The writ must be dismissed.

---

## COURT OF APPEALS.

HORACE B. CLAFLIN *et al.* agt. JULIUS BAERE and LOUIS BAERE.

*Appeal — order setting aside attachment not appealable.*

An order setting aside and vacating an attachment is not reviewable in the court of appeals.

*Decided March* 2, 1880.

THIS was an appeal from order of general term affirming an order of special term, setting aside and vacating a warrant of attachment. The opinion of BARRETT, J., as well as the affidavits in the case are reported in 57 *Howard*, page 78.

*A. Blumensteil*, for defendants and respondents.

1. The order is not appealable, the motion to vacate the attachment was founded upon the insufficiency of the papers on which it was granted. The court at special term and general term decided that the attachment should be set aside. This is not a question of jurisdiction, and the order is not appealable (*Allen* agt. *Meyer*, 71 *N. Y.*, 1; *Wallace* agt. *Castle*, 68 *N. Y.*, 373; *Liddle* agt. *Paton*, 67 *N. Y.*, 393).

Even if the affidavits had been sufficient to authorize the granting of an attachment, the exercise of that power is purely discretionary. The language of section 635 of the Code of Civil Procedure is that an attachment "may be granted," etc. It does not appear but that the general term considered the whole case, including the affidavit of Thomas D. Adams, interposed on the motion, and the answering affidavit of the defendant. The order of the special term recites the reading of all the affidavits (*See Godfrey* agt. *Godfrey*, 75 *N. Y.*, 434). It then became a mere matter of discretion whether, upon all the facts, the court was authorized to set aside the attachment, and the case comes clearly within the decision of *Allen* agt. *Meyer* (*supra*).

*Samuel Hand*, for plaintiffs, respondent.

DANFORTH, *J.*—The appeal should be dismissed, the order appealed from not being one that is reviewable in this court (59 *N. Y.*, 313 ; 68 *id.*, 370 ; 71 *id.*, 594).

Appeal dismissed.

All concur.

---

## SUPREME COURT.

## THE FIRE DEPARTMENT OF WEST TROY agt. G. PARISH OGDEN and EZRA R. VAIL.

*Foreign insurance companies — agents of — penalty for not filing bond — Laws of 1879, chapter 153.*

Where the defendants had issued several policies of insurance upon property located in West Troy, and had paid the two dollars upon the hundred on premiums received, but had not given the bond required by the statute (*Laws of* 1876, *chapter* 359, *which is amendatory of chapter* 465 *of Laws of* 1875), in an action to recover the penalty for not having given the bond as required by the statute :

*Held*, that, by the act of the legislature (*Laws of* 1879, *chapter* 153) which again amends the acts of 1875 and 1876, the right to such penal-