THEODORE W. DENISON, Jr., Plaintiff, *against* ROBERT T. FORD, Defendant.

(Decided April 3rd, 1882.)

In an action against a landlord for eviction of his tenant from the demised premises, the tenant cannot recover as damages profits which he would have made if he had not been disturbed in his occupancy.

EXCEPTIONS taken at a trial term of this court, ordered to be heard in the first instance at the general term.

The facts are stated in the opinion.

*B. Wright,* for plaintiff.

*Thos. E. Stewart,* for defendant.

VAN HOESEN, J.—When this case was here on a former occasion (see 7 Daly, 384), the court said that as the landlord virtually evicted the tenant, the measure of damages recoverable by the tenant was the difference between the rent reserved and the value of the premises, together with rent which he had paid in advance, deducting for the period that he was actually in the beneficial enjoyment of the demised premises. That rule of damages was applied in a case strongly resembling this, the case of *Mack* v. *Patchin* (42 N. Y. 167). In *Lock* v. *Furze,* a late case, decided upon great consideration by the Exchequer Chamber (L. R. 1 C. P. 441), the court said, " if the covenantor makes himself actor in ousting his grantee, he becomes liable for the value of the estate he was instrumental in taking away." So again, Taylor, in the seventh edition of his Landlord and Tenant, section 317, says, " it is now held that in an action for the breach of a covenant for quiet enjoyment, the measure of damages is the value of the unexpired term less the unpaid rent."

These authorities would seem to leave no doubt as to the rule, but the learned counsel for the plaintiff thinks otherwise,

Denison *v.* Ford.

and has made an elaborate argument to show that the evicted tenant is also entitled to recover, as damages, the profits which he would have made if he had not been disturbed in his occupancy. Although the case was not cited by the learned counsel, there is one decision in his favor, but it is not one that has been, or ever will be, followed. In *Shaw* v. *Hoffman* (25 Mich. 163), the tenant was evicted from a barn used as a sale and boarding stable; on July 11th, and on the 21st of the January following, he brought suit, claiming as items of damage, loss of profits that he would have made from boarding the horses of third persons, and also his loss from boarding his own horses at another stable, where he was compelled to pay two dollars per week for each horse more than he could have kept them for in the barn from which he had been ousted by his landlord. Ch. J. CHRISTIANCY, in delivering the opinion of the court, said, without citing any authority or discussing the question, that the loss of profits was a proper element of damages, inasmuch as the evidence showed that it was a proximate and natural consequence of the acts complained of. But, as if afraid of the doctrine he had laid down, he added, that these profits must be " for the proper length of time." What the proper length of time was, or how it was to be ascertained, he did not state. If the horses had been converted, instead of the barn, the landlord would, upon the principle of that case, have been liable for the profits they would have earned for the former owner " in a proper length of time." There is no such rule in the case of a conversion of personal property, and it has been repeatedly held that where a leasehold is converted or destroyed by the act of the lessor, the damages are to be estimated by the rule that obtains where personal property has been converted (*Mack* v. *Patchin*, 42 N. Y. 172).

There are cases of interruption of business in which, for the purpose of ascertaining the extent of the interference, and he seriousness of the injury, the plaintiff has been permitted to prove the amount of the business that he did before the interruption occurred, the profit that was made upon the business, and then the amount of business done after the interruption. To this class of cases *Schile* v. *Brockhahus* (80 N. Y.

620) belongs. There was no eviction, but simply an interruption of the plaintiff's business by the tearing down of a party wall, and the plaintiff was allowed to prove how great his loss was by showing the usual profits of his business before the wall was interfered with, and the diminution of receipts that followed such interference. There is no case of recognized authority which holds that profits as profits are recoverable in an action for the breach of a covenant for quiet enjoyment. In actions of trespass, generally, where proof of profits is received, it is not because those profits are the measure of damages, but it is for the purpose of enabling the jury to arrive at the extent of the loss which the defendant's wrongful act has inflicted. Thus, in the case of *Marquart* v. *Lafarge* (5 Duer, 555), the landlord wrongfully bricked up the entrance to his tenant's saloon, converted his goods, and destroyed his business. The court said, " it was competent to prove in some manner the nature and extent of the injury, and the value of the business was a proper subject of estimate by the jury. It may be that a calculation of possible or probable profits, in view of the ordinary uncertainties of business, would not be allowable, but general testimony to the value of the business, though not specific enough to form a very clear guide to the value of the good-will, unless it were followed by other proof, was, in its nature, competent."

In this case, instead of bringing suit for a breach of the covenant for quiet enjoyment, the plaintiff has attempted to steal a march upon his adversary by suing for the ruin and destruction of his business, hoping that the rule of damages in the action of trespass might prove more profitable to him than the rule which prevails in an action of covenant. But there is nothing in the evidence to support a charge of fraud or of trespass. The case is simply one in which the defendant, finding that his hope of establishing a new market was doomed to disappointment, did his best to retrieve his loss by turning the building to a more profitable use. In doing this, he closed some of the doors of the market, and furnished so little light that the plaintiff could not advantageously carry on his trade ; and in view of all the facts we held, when the

Denison *v.* Ford.

case was here before, that enough had been done to constitute an eviction. The result was that the defendant was liable on his covenant for quiet enjoyment, and in an action on that covenant the rule of damages is, as I have already said, too well settled to be called in question. The evidence shows nothing more than an eviction, and any injury that has resulted to the plaintiff's business is traceable to that, and to that alone. Upon the evidence, there is not the slightest reason for supposing that the defendant intended any injury to the plaintiff's business, that he committed any trespass, except in a technical sense, or that the plaintiff sustained any other damage than such as was effected by the breach of the covenant for quiet enjoyment. It would be a great hardship to tolerate a practice through which a mere covenantor may, by the contrivance of the pleader, be metamorphosed into a trespasser, and punished accordingly.

In actions *ex contractu*, the rule respecting the allowance of profits is thus stated by Mayne, Treatise on Damages, 2nd ed. 27 : " In cases where the profit to be made by the bargain is the thing purchased, the amount of that profit is strictly the measure of damages. But where the thing purchased is a specific article, and not the right to make a profit, the measure of damages will be the value of that article, or the difference between the contract price and that for which it could be purchased elsewhere." Here the thing purchased was a specific thing—the privilege of occupying stand No. 46. It was not the right to a profit that was purchased, and hence the profits are not the measure of damages. I am aware that this is only re-stating in other words the rule already said to be applicable to this case, but I repeat it because I think Mr. Mayne has clearly and forcibly summarized it.

Treating this as an action for a breach of covenant, the only inquiry before us is, whether the judge erred in excluding some testimony offered by the plaintiff. Where an article has no market value, testimony may be received of facts from which the jury may draw their conclusion as to its value, but where it has a market value, it is not permissible to attempt to prove its intrinsic value by testimony as to the

uses to which it may be applied, and as to the profits likely to accrue from such uses. The market value is the best evidence of its actual value, and must be proved, unless it be shown that such proof is not to be had. Most of the testimony offered by the plaintiff was intended to show that large profits could be made at this stand, and by those profits the plaintiff sought to have the jury measure the value of the stand. It is undoubtedly true that the value of a place of business depends principally upon the profits that may be gained there; but it is also true that the value of the place is a fact, and the very fact that it is the object of courts to elicit, and that an inquiry as to the profits is only a means of arriving at that fact. As the plaintiff made no attempt to show the actual value of the stand, or to show that it had no market value, I think the judge was right in excluding the testimony offered as to the profits made at the stand in April and May. As to the ruling that the plaintiff did not show himself competent to testify as to the value of the lease of the stall, I am not prepared to say the judge erred. His knowledge, gained by inquiries at some other markets, did not necessarily qualify him to speak as to the value of stands at this market, where the business was poor at the start, and never became good.

Upon the whole, I think there was no error in the rulings at the trial, and that the plaintiff should have judgment for the amount named by the judge at the trial.

The plaintiff's exceptions should be overruled.

J. F. DALY and BEACH, JJ., concurred.

Exceptions overruled, and judgment ordered for plaintiff.