(3 Misc. Rep. 73.)

CAPEL et al. v. LYONS et al.

(Common Pleas' of New York City and County, General Term. March 6, 1893.)

1. APPEAL—FROM CITY COURT TO COMMON PLEAS—FURTHER BILL OF PARTICULARS.
　　The discretion of the city court in refusing a motion for a further bill of particulars is not reviewable by the court of common pleas.

2. TRESPASS—WHEN MAINTAINABLE—EXCESS OF LICENSE.
　　Where license is given to certain persons about to excavate for building to enter on adjoining premises to a limited extent only for the purpose of shoring up the wall, and the license is exceeded, the licensors are not confined to an action merely for breach of contract, but may maintain trespass.

3. SAME—DAMAGES—LOSS OF PROFITS.
　　The damages in such case may include loss of profits on work for which the licensors had orders, and which they were prevented from doing by acts of the licensees.

4. APPEAL—OBJECTIONS NOT RAISED BELOW.
　　Where an objection taken by the licensees to an instruction to find for the licensors the sum which would have been profits, was coupled with a request that such damages were too remote, thus confining the objection to a ground which was plainly untenable, the licensees cannot urge on appeal that there should have been an instruction charging that profits as profits were not recoverable, and that they were only submitted to enable the jury to arrive at the extent of the licensors' loss.

Appeal from city court, general term.

Action by Henry A. Capel and another against Jeremiah C. Lyons and another to recover damages for an unauthorized entry on plaintiffs' premises. From a judgment of the general term of the city court affirming a judgment for plaintiffs, and from the affirmance of an order denying a motion for a further bill of particulars, defendants appeal. Affirmed.

Argued before DALY, C. J., and BISCHOFF and PRYOR, JJ.

Charles Edward Souther, for appellants.

B. Lewinson, for respondents.

DALY, C. J. The order of the city court denying the defendants' motion for a further bill of particulars is not reviewable in this court. The circumstances disclosed by the papers called for the exercise of the

discretion of the court, for the defendants were plainly guilty of laches in moving, and the trial would have been unduly delayed if their motion had been granted. With the exercise of discretion by the city court in granting or refusing a bill of particulars we cannot interfere. Witkowski v. Paramore, 93 N. Y. 467; Kelsey v. Sargent, 100 N. Y. 602, 3 N. E. Rep. 795. On appeal from the judgment the exceptions bring up for review the questions whether the plaintiffs, being tenants of premises adjoining the property upon which the defendants were about to excavate for building, and having afforded the latter a license to enter the premises to a limited extent only for the purpose of shoring up the wall, can maintain an action for trespass if the restriction in the license be exceeded, and can recover damages based upon evidence of loss of profits on work which they were prevented from doing upon the premises by defendants' acts. The verdict of the jury establishes that the defendants were to run their beams into plaintiffs' basement no further than a foot from the wall, and were to build a partition and replace the steam pipes; that, nevertheless, they put in 18 or 20 beams which ran nearly all the way across to the opposite wall, and deprived plaintiffs of the whole use of the basement. The contention of defendants is that the plaintiffs have an action for breach of contract, and not for trespass, and that loss of profits is not recoverable. If the claim were simply for failure to erect a partition, and replace the steam pipes, the point would be well taken; but the proof showed damage accruing from acts in excess of the license, and a trespass by defendants upon the premises beyond the one foot to which the license restricted them. An entry upon any part of plaintiffs' premises without a license, even for the purpose of supporting their wall, would be a trespass, (Ketcham v. Cohn, [Com. Pl. N. Y.; filed Feb. 6, 1893,] 22 N. Y. Supp. 181; Dorrity v. Rapp, 72 N. Y. 311;) and, upon the same principle, entry and occupation beyond the limit fixed by the license would equally be a trespass, for the licensee must bring himself within the terms of the permission, to justify under it, (Wheelock v. Noonan, 108 N. Y. 179, 15 N. E. Rep. 67.)

Defendants being trespassers, plaintiffs were not limited to such damages as are recoverable for breach of contract, nor for breach of covenant of quiet enjoyment. There is no analogy between such actions and this case. In trespass, proof of loss of profits is receivable to enable the jury to arrive at the extent of the loss which the defendants' wrongful act had occasioned. Denison v. Ford, 10 Daly, 414; Schile v. Brokhahus, 80 N. Y. 620. It was competent, therefore, for plaintiffs to show that they had orders to manufacture feathers for specified customers; that the price was certain, and so were the profits; that they were prevented by the trespass from doing the work; and that the goods could not be obtained elsewhere. The exceptions to the admission of this testimony are unavailing. Objection was made to proof of loss of the proportion of the annual rent paid by plaintiffs for the use of steam heat during the period that their pipes were taken down. It is urged that no such item of damage is embraced in the plaintiffs' bill of particulars, but this objection was not taken on the trial, either when the evidence was offered, or when the item was submitted in the charge of the court.

Exception was taken to the instruction to the jury that they should find for the plaintiffs the sum which they determined would have been profits, and it is now urged that the court should have charged that profits as profits were not recoverable, and were only submitted to enable the jury to arrive at the extent of the plaintiffs' loss. The defendants did not point out the error complained of, but, on the contrary, coupled their exception with a request for an instruction that such damages were too remote, thus confining their objection to the charge to one ground, and that plainly untenable. No error appears in the record, and the judgment and order appealed from should be affirmed, with costs. All concur.