(14 Misc. Rep. 518.)

### DODD v. AVERILL.

(Common Pleas of New York City and County, General Term. December 2, 1895.)

APPEAL—FROM CITY COURT TO COMMON PLEAS—WEIGHT OF EVIDENCE.

   If the evidence of the residence of the defendant suffices to uphold an order vacating an attachment, though the proof to the contrary preponderate, such order by the city court is not reviewable by the common pleas.

(Syllabus by the Court.)

Appeal from city court, general term.

Action by Frank N. Dodd against Permelia M. D. Averill. From an order of the city court affirming an order vacating an attachment issued on the ground of the nonresidence of defendant, plaintiff appeals. Dismissed.

Argued before DALY, C. J., and BISCHOFF and PRYOR, JJ.

Robert Van Iderstine, for appellant.
W. T. B. Milliken, for respondent.

PRYOR, J. While the evidence as to the nonresidence of the defendant is quite impressive, it cannot be denied that there is proof to the contrary sufficient to support the order vacating the attachment. Such being the case, whether the attachment should stand rested in the discretion of the court below, and its action in vacating it is not reviewable by an appellate tribunal. Sartwell v. Field, 68 N. Y. 341; Allen v. Meyer, 73 N. Y. 1; Glenney v. Stedwell, 64 N. Y. 120, 128; Jenkins v. Putnam, 106 N. Y. 272, 276, 12 N. E. 613; Claflin v. Baere (Ct. App.) 59 How. Prac. 20. We have uniformly held that on appeal from the city court we will not review its action upon matters of discretion. Keller v. Feldman, 2 Misc. Rep. 179, 181; Pots v. Herman, 7 Misc. Rep. 4, 27 N. Y. Supp. 330; Capel v. Lyons, 3 Misc. Rep. 73, 22 N. Y. Supp. 378; Tooker v. Booth, 8 Misc. Rep. 304, 28 N. Y. Supp. 727. It not being apparent but that the attachment in question was vacated in the exercise of discretion, we

have no jurisdiction to review the order of the city court. Brooks v. Construction Co., 93 N. Y. 647.

Appeal dismissed, with costs.   All concur.