(128 App. Div. 184.)

## EGAN et al. v. BROWNE et al.

(Supreme Court, Appellate Division, Second Department.   October 22, 1908.)

1. LANDLORD AND TENANT (§ 180*)—EVICTION—ENJOYMENT OF PREMISES—AC-
TION FOR DAMAGES.

Plaintiffs leased a floor in a building furnished with steam power for business purposes, the lease including the steam power to run plaintiffs' laundry, and thereafter grantees of the lessor cut off the steam power necessary for plaintiffs' business, thereby destroying their business; they being unable to secure another place properly equipped. *Held*, that plaintiffs could recover, as for a trespass, for the destruction of their beneficial use of the premises, and were not confined to an action for breach of covenant.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. § 715; Dec. Dig. § 180.*]

2. DAMAGES (§ 40*)—LOSS OF PROFITS—BREACH OF CONTRACT.

The general rule that loss of anticipated profits cannot be recovered in an action for breach of contract, is subject to many exceptions.

[Ed. Note.—For other cases, see Damages, Cent. Dig. § 74; Dec. Dig. § 40.*]

Hooker, J., dissenting.

Appeal from Trial Term, Kings County.

Action by K. Francis X. Egan and another against William E. Browne and others.   From a judgment dismissing the complaint, plaintiffs appeal.   Reversed, and new trial granted.

Argued before WOODWARD, HOOKER, JENKS, GAYNOR, and RICH, JJ.

Thomas Kelby, for appellants.

C. W. Wilson, Jr., for respondents.

GAYNOR, J.   It was held in Denison v. Ford, 10 Daly, 412, that when a tenant is evicted he cannot sue the landlord for tort, so as to change the rule as to the measure of damages, but only for breach of the covenant of quiet enjoyment which, if not expressed, is implied in leases.   But in the later case of Snow v. Pulitzer, 142 N. Y. 263, 36 N. E. 1059, the tenant was allowed to pass the covenant by and recover as for a tort.   In that way he recovered for the breaking up of his business and the loss of property caused thereby.   In the present case the tenants hired a floor in a building which was furnished with steam power for business purposes by the landlord, and the lease was in terms not only of such floor, but of the steam power to run the plaintiffs' business.   The complaint alleges that the defendants, the subsequent grantees of the lessor, "unlawfully evicted the plaintiffs from the said premises, and the use and enjoyment thereof by wantonly, wilfully and maliciously depriving and cutting off from the plaintiffs' premises and business all the steam power and live steam absolutely necessary for carrying on the said laundry business"; and it is alleged that the plaintiffs' business was thereby broken up and ruined, and they were unable to get another place equipped to carry on their business.   The case seems to be the same as that of Snow v. Pulitzer, for the wrong-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

ful trespass by removing the support of a side wall which caused it to fall, as was the fact in that case, and the wrongful trespass of disconnecting the shafts in the demised premises from the steam plant in the present case, are the same in principle and cannot be distinguished. Each was a trespass which destroyed the beneficial use for which the premises were leased. The later case of Witherbee v. Meyer, 155 N. Y. 446, 50 N. E. 58, is not applicable. There the action was, and only could be, for damages for a breach of covenant in the lease that the water power leased with the grist mill was sufficient to run the mill to its full capacity. It was sufficient to run it, but the complaint was that it was not as great as the lease called for. The rule of damages allowed was the difference between the rental value with the maximum power covenanted for and the power as it was. But suppose the landlord had wrongfully torn down the dam and deprived the tenant of all power? The case would then have been the same as the present one and that of Snow v. Pulitzer. Moreover loss of profits may be recovered in an action for damages for breach of contract, for there are many exceptions to the general rule which is deemed to be to the contrary, if it were necessary to go into that. Bagley v. Smith, 10 N. Y. 489, 61 Am. Dec. 756; Wakeman v. Wheeler & Wilson Co., 101 N. Y. 205, 4 N. E. 264, 54 Am. Rep. 676; Thomson-Houston Co. v. Durant Co., 144 N. Y. 34, 47, 39 N. E. 7.

The judgment should be reversed.

Judgment reversed, and new trial granted; costs to abide the event. All concur, except HOOKER, J., who dissents.