CLAIRE ELIAS, Appellant, v. ANNIE HAMMER, Respondent.

(Supreme Court, Appellate Term, First Department, March, 1918.)

Landlord and tenant — eviction — exclusion of evidence — damages.

Where, according to the testimony of a tenant in an action by her to recover damages for eviction from the leased premises, the defendant was a trespasser and a wrongdoer, the exclusion of evidence tending to show damage is reversible error, the court intimating that there was enough in on that subject, where it does not appear that the dismissal of the complaint was for lack of evidence of damage.

APPEAL by plaintiff from judgment of the City Court of the city of New York, dismissing complaint.

Joseph Schottland, for appellant.

Herman J. Rubenstein, for respondent.

GUY, J. Plaintiff sued to recover damages for an eviction.

On or about January 14, 1916, under an agreement in writing dated that day, plaintiff hired from defendant a workroom situated one flight up in that portion of the premises No. 129 West Forty-fifth street, borough of Manhattan, city of New York, then used and occupied by the landlord as a dressmaking establishment, for the term of one year from the date of the instrument. The premises were hired by plaintiff as a millinery shop, and by the terms of the agreement plaintiff was also given the right to use the ground floor in carrying on her business.

The plaintiff testified that on or about August 15, 1916, she was inside the partition in her workroom, on the first floor of the premises, and defendant's husband, at about seven o'clock in the evening, asked

plaintiff when she intended to get married; that she thought defendant's husband was teasing her, and she laughed; and that suddenly she heard a terrible noise and the partition shook; that defendant's husband said, "Are you inside, Claire?" to which she replied, "Yes," "and when I wanted to walk toward the door Mr. Hammer [defendant's husband] put the partition down, the partition fell on back of me and the door hit me right here. When I wanted to walk out I saw Mr. Hammer had a large axe — that was the fire axe — in his hand. So I began to scream loud and fell on the chair;" that the defendant was present when the partition fell, and that she said to plaintiff, "Get out; that is the only way to get you out;" that she put the plaintiff out — pulled plaintiff by the hand and pulled her downstairs; that after that time plaintiff never returned to the premises; and that she took away her belongings some time the following month. It further appeared that after the plaintiff was put out of the premises, as she testified, no hats were made or sold there, but her employee went there for about a week thereafter to receive money and return orders to customers who had made deposits on hats.

At the close of plaintiff's case the court on defendant's motion dismissed the complaint.

I do not think that as matter of law the acts of the employee on the premises subsequent to plaintiff's ouster and the failure to promptly remove plaintiff's fixtures were a waiver of the eviction. The removal of the partition on the first floor effectually eliminated plaintiff's workroom; it does not appear in what part of the property the employee performed whatever duties she attended to for the plaintiff after August fifteenth; and the eviction once established is presumed to continue until restoration of the premises. *Lewis* v. *Payn,* 4 Wend. 423. The plaintiff's rights do

not depend merely upon the technical doctrine of eviction. According to her evidence the defendant was a trespasser and a wrongdoer, responsible as such for the consequences of his acts. *Snow* v. *Pulitzer,* 142 N. Y. 263, 269, 270; *Egan* v. *Browne,* 128 App. Div. 184.

It is true the plaintiff did not prove her damages as pleaded; but the trial court, an objection being made by defendant's counsel to a question put with the view of showing damage, intimated that there was enough in on that subject, and as plaintiff may well have relied on the view thus expressed, and it does not appear that the dismissal was for lack of evidence of damage, I think plaintiff should be given an opportunity to establish her case.

WEEKS and MULLAN, JJ., concur.

Judgment reversed and new trial ordered, with costs to appellant to abide event.