Benjamin Brenner, J.
Plaintiffs are statutory tenants who were dispossessed for an alleged failure to pay rent. A warrant for their dispossess was duly issued and executed and, after spending a night in the street to guard the furniture, there deposited by the City Marshal, the warrant was vacated by the Municipal Court which issued it and they were restored to their apartment. They seek to recover monetary damages under the common law and pursuant to section 1444 of the Civil Practice Act.
A tenant whose right of possession is vested or based on contract may have a common-law right to damage for wrongful eviction on the theory of trespass (Snow v. Pulitzer, 142 N. Y. 263; Egan v. Browne, 128 App. Div. 184). But when, as here, a tenant’s right to possession of premises is founded upon statute, no such common-law right to damage for wrongful eviction exists (Drinkhouse v. Parka Corp., 3 N Y 2d 82), for, as stated in the latter case at page 88: “ Without a provision granting damage for the removal of a statutory tenant there is no remedy ’ ’.
Plaintiffs rely on section 1444 of the Civil Practice Act as affording them the right to damages. It proxddes: “ Appellate court may award restitution; action for damages. If the final order is reversed upon the appeal, the appellate court may award restitution to the party injured xvith costs; and it may make any order, or issue any other mandate, necessary to carry its determination into effect. The person dispossessed may also maintain an action to recover the damages xvhich he has sustained by the dispossession.”
When this statute was first enacted in 1829 (2 Rev. Stat. of Y. Y., part III, ch. VIII, tit. X, §§ 48, 49) and subsequently included in the Code of Civil Procedure as section 2263, a tenant’s statutory right to possession did not exist. In 1920, the Legislature enacted the Emergency Rent Laxvs (L. 1920, ch. 944 and acts amendatory thereof) xvhich created a new type of tenancy knoxvn as a statutory tenancy (Stern v. Equitable Trust Co., 238 N. Y. 267). Thus, this type of tenancy was known to the Legislature when it re-enacted section 2263 of the Code of Civil Procedure as the present section 1444 (L. 1921, ch. 199). The Emergency Rent Laws of 1920 (L. 1920, ch. 130-139) were subsequently allowed to expire but the present rent laws have created the same type of tenancy which would seem to be pro *220 tected against wrongful dispossession by the remedial provisions of section 1444. I am therefore in agreement with plaintiffs that it is applicable to a statutory tenancy created by the present rent laws since such a tenancy was within the purview of the Legislature when the section was re-enacted.
Plaintiffs also contend that they are entitled to damages under the statute regardless of any showing of a reversal of the order of dispossess as therein specified. They say that the remedy of damages should be divorced from the remedy of restitution, which alone requires a showing of a reversal. If the Legislature had intended that the condition precedent of reversal should apply to restitution but not to damages, it could have so stated. To waive the condition precedent as to one and not the other would be unwarranted. Plaintiffs go further. They say that even if a reversal is required in order to recover damages this court may itself effect such reversal independently at this very trial. The argument is faulty since it eliminates the whole concept of the need for prior reversal which is the plain intendment of the statute.
Plaintiffs finally urge that the setting aside of the warrant and restoration of possession by the Municipal Court is tantamount to a reversal on appeal so that in every event the statutory prerequisite is met.. It is my opinion that a review by an appellate court is not necessarily the exclusive method of reversal, though reversal by appeal is referred to in the section and that the vacating and setting aside of the warrant of dispossess is sufficient (Smith v. Smith, 174 N. Y. S. 747, 751; 8 Carmody, New York Practice, p. 346; 6 Wait, New York Practice Simplified [4th ed.], p. 430). The difficulty, however, is that the warrant of dispossess here was coneededly set aside without a plenary hearing on the issue of nonpayment of rent or a traverse on the question of the sufficiency of the service of the precept and petition in the summary proceeding. So, even if, for the purpose of construing the statute, the vacation of a warrant is equivalent to a successful appeal, the fact of a reversal is lacking, based on an adjudication on the merits or successful determination of the issues of nonpayment of rent or sufficiency of the summary proceeding. Thus it seems to me that the statute has not been satisfied in regard to a reversal on the merits which is the condition precedent to the right to recover damages thereunder.
In the Drinkhouse case (supra), damages were denied a tenant dispossessed by a landlord who took the law into his own hands because the factual circumstances there were outside the scope of the statute. Surely it must also be denied here where the *221 tenants were dispossessed by a landlord through the aid of the law, because the absence of a prior reversal similarly makes the statute inapplicable.
The parties have consented to the discharge of the jury during trial and to allow the court to determine the issues. Judgment is awarded the defendant dismissing the complaint.